**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

YOSVANY MURSULI GARRIDO,

     Plaintiff,

v.

GEORGE DEDOS, Warden, Torrance County Detention Facility; MARY DE ANDA-YBARRA; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; U.S. ATTORNEY GENERAL; and MARKWAYNE MULLIN,

     Respondents.

Case No. 1:26-cv-01720-MIS-KK

**<u>ORDER VACATING ORDER GRANTING MOTION FOR CLARIFICATION AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Yosvany Mursuli Garrido's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 28, 2026.  Petitioner is a citizen of Cuba who applied for admission to the United States at the Hidalgo, Texas, Port of Entry on August 5, 2024.  Notice to Appear at 1, ECF No. 11-1.  The U.S. Department of Homeland Security ("DHS") placed him into Section 240 removal proceedings, issued him a Notice to Appear, and paroled him into the United States.  Id.; Resp. at 2, ECF No. 11.

In August 2025, Petitioner applied for adjustment of status under the Cuban Adjustment Act.  Pet. at 11.  That application remains pending.  Case Status, ECF No. 11-2.

On April 29, 2026, DHS moved to dismiss Petitioner's Section 240 removal proceedings in order to pursue an expedited removal.  Order on Mot. to Dismiss, ECF No. 11-3; Resp. at 2.  An Immigration Judge granted the Motion to Dismiss and advised Petitioner that he had until May 29, 2026, to appeal the Order.  Order on Mot. to Dismiss, ECF No. 11-3.  Also on April 29, 2026, DHS

issued an Order of Expedited Removal against Petitioner, finding that he is inadmissible under Section 212(a)(7)(A)(i)(II) of the Immigration and Nationality Act ("INA").  Order of Expedited Removal, ECF No. 11-4.

Petitioner failed to timely appeal the Immigration Judge's Order granting DHS's Motion to Dismiss Petitioner's Section 240 removal proceedings.  Resp. at 2.

On May 28, 2026, Petitioner filed the instant Petition arguing that his detention violates his right to due process.  ECF No. 1 at 6.

On May 29, 2026, the Court issued an Order to Show Cause and Enjoining Transfer, instructing Respondents to answer the Petitioner and show cause why it should not be granted within ten business days.  ECF No. 3.  The Order to Show Cause prohibits Respondents "from transferring or removing Petitioner from the District of New Mexico while this case remains pending, absent a final order of removal."  Id.

On June 8, 2026, Petitioner's daughter filed a Notice with the Court indicating that Petitioner had been transferred to a facility in El Paso, Texas.  ECF No. 7.  The Court issued an Order expediting a response to the Notice.  ECF No. 8.

On June 8, 2026, Respondents filed a Status Report and Motion for Clarification advising the Court that the Immigration Judge had dismissed Petitioner's Section 240 removal proceedings, DHS served Petitioner with an Order of Expedited Removal, and when Petitioner failed to appeal the Immigration Judge's Order, DHS transferred Petitioner to El Paso to effectuate his removal. ECF No. 9 at 2-3.  Respondents sought clarification as to whether removing Petitioner pursuant to the Expedited Order of Removal would violate the Court's Order to Show Cause and Enjoining Transfer.  Id. at 3.

On June 8, 2026, the Court issued an Order Granting Motion for Clarification and Vacating Order Expediting Response.  ECF No. 10.  Therein, the Court clarified that "Respondents are not prohibited from removing Petitioner from the United States pursuant to the Order of Expedited Removal issued April 29, 2026."  Id. at 2.

On June 12, 2026, Respondents filed a Response to the Petition, arguing that Petitioner is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b).  ECF No. 11 at 8.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

The Court **VACATES** its Order Granting Motion for Clarification, ECF No. 10, and **GRANTS** the Petition for Writ of Habeas Corpus, ECF No. 1.  The Court's conclusion that "Respondents are not prohibited from removing Petitioner from the United States pursuant to the Order of Expedited Removal issued April 29, 2026" was error.  Id.  For the reasons explained in

3

Judge Yarbrough's Proposed Findings and Recommended Disposition in <u>Diaz v. Warden</u>, No. 26-6 MIS/SCY, 2026 WL 222317, at *2-3, 5-6 (D.N.M. Jan. 28, 2026), and adopted by this Court, 2026 WL 396238 (D.N.M. Feb. 12, 2026), Petitioner is not subject to expedited removal proceedings.  Petitioner's Application for Adjustment of Status remains pending, and there is no argument or evidence that his parole was lawfully terminated or expired.  Because "Respondents cannot detain [Petitioner] in connection with expedited removal proceedings that do not exist[,]" <u>Diaz</u>, 2026 WL 222317, at *5 (quoting <u>Fadeev v. Lyons</u>, 819 F. Supp. 3d 615, 622 (W.D. Tex. 2026)), his detention is illegal, <u>id.</u> at *5-6.  Consequently, if Petitioner is still in immigration detention within the United States, he is entitled to a writ of habeas corpus.  <u>Id.</u> at *6.

Alternatively, The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in <u>Lopez-Romero v. Lyons</u>, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. <u>See generally</u> Resp., ECF No. 11. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Order Granting Motion for Clarification, ECF No. 10, is **VACATED**;

2. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

3. Respondents are **ORDERED** to immediately release Petitioner Yosvany Mursuli Garrido from custody/detention;

4. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

5. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal in his Section 240 removal proceedings—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE